IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RHONDA RICHARDSON, as the surviving daughter of decedent, SHEILA RICHARDSON; and as the soon to be appointed administrator of THE ESTATE OF SHEILA RICHARDSON<br>12119 Talmadge Reach Rd<br>Humble, TX 77346<br><br>Plaintiff,<br><br>v.<br><br>WESLEY MEDICAL CENTER, LLC<br><u>Serve Registered Agent</u>:<br>C T CORPORATION SYSTEM<br>112 SW 7TH STREET SUITE 3C<br>TOPEKA, KS 66603<br><br>Defendant(s). | Case No.:<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S COMPLAINT FOR DAMAGES

The Plaintiffs, by and through undersigned counsel, submits this Petition for Damages against the above-named Defendant(s), and in further support, states and alleges as follows:

1. Sheila Richardson("Resident") died on June 10, 2022, from an avoidable fall and resulting head trauma and stroike that occurred at Wesley Medical Center, LLC a Delaware company operating a Kansas hospital located at 550 N. Hillside St., Wichita, KS 67214 ("The Hospital).



2. Resident entered the hospital on approximately 05/12/2022 for treatment of pain for Bowel Duct and Liver Cancer. She was having a G-Tube implanted. She was coherent, cheerful, and mobile but was determined by the hospital to be a fall risk. As verified by the color of her ID Bracelet, Ms. Richardson was supposed to have two assistants for moving or transferring.

3. On 06/02/2022 Ms. Richardson requested assistance to go to the bathroom and only one attendant arrived to assist. Ms. Richardson fell in the bathroom and hit her head on the sink. She suffered a severe head injury. She became so mentally impaired she was unable to recognize her family and slept most of the day. She remained in that condition until 06/10/2022.

4. She passed away on 06/10/2022 of a Stroke

5. Plaintiff Rhonda Richardson is a surviving child of Resident, and therefore, a member of the class of individuals authorized to pursue a wrongful death claim pursuant to K.S.A. § 60-1902.

6. Rhonda Richardson is a citizen of the state of Texas.

### WESLEY MEDICAL CENTER

7. At all times relevant, WESLEY MEDICAL CENTER, ("Hospital"), was a Delawarecompany and owned, operated, managed, maintained, and/or controlled, in whole or in part, and did business Wesley Medical Center ("Hospital") which is a hospital located at 550 N. Hillside St., Wichita, KS 67214.

8. As such, Hospital was engaged in providing ancillary medical services to persons requiring such services, including Patient, by owning, operating, managing, maintaining, and controlling the Hospital.



9. Consequently, Hospital owed a duty to Patient to use reasonable care for Patient's safety while under the care and supervision at the Hospital.

## JURISDICTION AND VENUE

10. Each member of Wesley Medical Center are citizens of Delaware. Thus, each defendant is a citizen of Delaware.

11. No member of Wesley Medical Center or any of its sub-members are Kansas citizens.

12. Plaintiff is a citizen of Texas.

13. Therefore, Plaintiff brings his claims contained in the Complaint under federal diversity jurisdiction, 28 U.S.C. § 1332(a)(1), as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

14. Pursuant to K.S.A. § 60-308(b)(2), defendants. purposefully availed themselves of the protections and/or benefits of the laws in Kansas by committing entering into contracts with entities in Kansas that then permitted them to commit tortious acts within the state including, but not limited to, failing to ensure that Wesley Medical Center had appropriate policies and procedures for its nursing staff, was properly capitalized, funded, staffed, and that staff received adequate training and supervision, thereby making jurisdiction proper in this Court.

15. A substantial part of the events or omissions giving rise to the claims described in the Complaint occurred in Kansas, thereby making venue proper in this Court.

## AGENCY

16. Plaintiffs incorporate by reference the allegations previously set forth and further alleges as follows:

17. The acts hereinafter described were performed by the agents, representatives, servants, and employees of Hospital and were performed either with the full knowledge and consent of Hospital and/or were performed by their agents, representatives, servants, or employees during the scope of their agency, representation, or employment with the Defendants.

18. Furthermore, the acts hereinafter described as being performed by the agents, representatives, servants, or employees of Hospital were performed or were supposed to be performed on behalf of and/or for the benefit of Patient.

## FACTUAL BACKGROUND

19. Plaintiffs incorporate by reference the allegations previously set forth and further alleges as follows:

### Hospital and Jane Doe's Treatment of Patient

20. Upon information and belief, Patient was at risk for suffering falls and resulting head trauma and stroke.

21. Upon information and belief, despite Patient's risk for falls and resulting head trauma and stroke none of the Hospital staff created a Plan of Care for patient that implemented the appropriate interventions.



22. Upon information and belief, from the time Patient was admitted to the Hospital none of the Hospital staff implemented or applied the appropriate interventions to address Patient's risk of falls and resulting head trauma and stroke, nor did any of the staff properly monitor Patient's risk for falls and resulting head trauma and stroke or provide sufficient supervision.

23. From the date of admission to the date of the avoidable fall, none of the Hospital staff:

   a. Properly assessed Patient's risk of suffering falls and resulting head trauma and stroke;

   b. Implemented or provided the appropriate interventions to prevent Patient from suffering a fall and resulting head trauma and stroke or allowing Patient's falls and resulting head trauma and stroke to get worse;

   c. Monitored or evaluated Patient's Plan of Care to see if the interventions prescribed were working; or

   d. Monitored Patient's condition, including Patient's falls and resulting head trauma and stroke or measure its size during this time frame.

24. Upon information and belief, at no point while Patient was a patient at the Hospital did any of the Hospital management ever provide any sort of in-service training or clinical education to the Hospital staff regarding the assessment, prevention, use of interventions, monitoring, and reporting of falls and resulting head trauma and stroke in patients like Patient.

25. Upon information and belief, at no point while Patient was a patient at the Hospital did any of the Hospital management, ever implement the appropriate policies and procedures at the Hospital regarding the assessment, prevention, use of interventions, monitoring, and reporting of falls and resulting head trauma and stroke in patients like Patient.

26. Upon information and belief, while Patient was a patient at the Hospital, the Hospital did not have an adequate number of staff working daily at the Hospital to meet Patient's needs, perform the interventions required to prevent Patient's avoidable falls and resulting head trauma and stroke or prevent the progression of Patient's falls and resulting head trauma and stroke or monitor and adequately supervise Patient's condition.

## COUNT I - (Wrongful Death Against All Defendants)

27. Plaintiffs incorporate by reference the allegations previously set forth and further alleges as follows:

28. At all times material hereto, Patient was in a defenseless and dependent condition.

29. As a result of Patient's defenseless and dependent condition, Patient relied upon Hospital to provide for their safety, protection, care, and treatment.

30. At the time of the negligent acts and occurrences complained of herein and at all other times relevant hereto, Hospital and their agents and employees, owed a legal duty to Patient to exercise that degree of skill and learning ordinarily exercised by members of their respective professions under the same or similar circumstances.

31. At all relevant times, Hospital had a duty to act in accordance with the standards of care required of those owning, operating, managing, maintaining, and/or controlling a Hospital.

32. These duties required Hospital to implement and enforce policies and procedures to ensure the proper care for, and treatment of all patients including Patient.



33. These duties required Hospital to have sufficient and qualified staff at the Hospital to ensure the proper care for, and treatment of all patients including Patient.

34. These duties required Hospital to ensure that the Hospital's nurses and other staff were properly educated and trained about the care for, and treatment of all patients including Patient.

35. Specifically, during their care and treatment of Patient, Hospital and their agents, servants, and/or employees breached their duties and were guilty of the following acts of negligence and carelessly by failing to measure up to the requisite standard of care, skill, and practice ordinarily exercised by members of their profession under the same or similar circumstances, including by:

   a. Failing to adequately assess, monitor, document, treat, and respond to Resident's physical condition as well as Resident's falls.

   b. Failing to adequately assess Resident's risk of falls.

   c. Failing to timely, consistently, and properly monitor, assess, and document Resident's physical condition.

   d. Failing to provide adequate nursing staff to ensure Resident's 24-hour protective oversight and supervision.

   e. Failing to have enough staff at the Facility to ensure Resident's needs were being met regarding fall prevention.

   f. Failing to provide adequate assistive devices and interventions to prevent Resident's falls.

   g. Failing to enact and carry out an adequate Care Plan regarding Resident's increased risk for falls.

   h. Failing to provide adequate assistance and assistive devices to prevent Resident's falls.

   i. Failing to timely report Resident's changes in condition to a physician.



j. Failing to adequately, timely and consistently prevent, assess, and treat Resident's risk of falls.

k. Failing to timely transfer Resident to a Facility that could provide adequate care.

l. Failing to properly supervise and train the employees, agents and/or servants of the Defendant who were responsible for the care and treatment of Resident.

m. Failing to have and/or implement appropriate policies and procedures regarding the prevention, assessment, and treatment of falls in residents like Resident.

n. Failing to carry out and follow standing orders, instructions, and protocol regarding the prevention of Resident's falls.

o. Failing to perform and measure up to the requisite standards of care required and observed by health care providers and further particulars presently unknown to Plaintiffs but which is verily believed and alleged will be disclosed upon proper discovery procedures during this litigation;

p. Failing to perform and measure up to the requisite standards of care required and observed by health care providers and further particulars presently unknown to Plaintiff, but which is verily believed and alleged will be disclosed upon proper discovery procedures in the course of this litigation

q. Failing to perform and measure up to the requisite standards of care required and observed by health care providers and further particulars presently unknown to Plaintiffs, but which is verily believed and alleged will be disclosed upon proper discovery procedures during this litigation.

36. As a direct and proximate result of the individual and collective acts of negligence of Hospital as described above, Patient was harmed and suffered death, conscious pain and suffering; and loss of dignity and additional damages recoverable under Kansas law that may be discovered throughout this litigation limited only to non-economic damages.

37. As a direct and proximate result of the individual and collective acts of negligence of all Defendants as described above, Plaintiff, suffered non-economic damages including, but not limited to, loss of companionship, loss of comfort, loss of guidance, loss of counsel and loss of instruction, pain, suffering, bereavement, and mental anguish.



WHEREFORE, Plaintiffs (prays for judgment against Hospital in an amount more than $75,000.00 and in an amount a jury deems fair and reasonable under the circumstances, including, non-economic damages only.

**<u>PLAINTIFFS DEMAND A JURY TRIAL ON ALL ISSUES SO TRIABLE</u>**



Respectfully Submitted,

STEELE CHAFFEE, LLC

By: */s/ Jonathan Steele*
Jonathan Steele  KS #24852
2345 Grand Boulevard, Suite 750
Kansas City, MO 64108
Ph: (816) 466-5947
Fax: (913) 416-9425
jonathan@nursinghomeabuselaw.com
kevin@nursinghomeabuselaw.com

ATTORNEYS FOR PLAINTIFF(S)

I hereby certify that the below-signed Attorney signed the original of the above and foregoing and is maintaining the original copy at said Attorney's office.

*/s/ Jonathan Steele*
Attorney for Plaintiff(s)

