## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**RHONDA RICHARDSON, as the surviving daughter of the decedent, SHEILA RICHARDSON, and as the administrator of the ESTATE OF SHEILA RICHARDSON,**

     **Plaintiff,**

     **v.**

**WESLEY MEDICAL CENTER, LLC,**

     **Defendant.**

**Case No. 2:23-cv-02398-HLT-RES**

### ORDER

Plaintiff Rhonda Richardson moves the Court to approve her confidential wrongful death settlement with Defendant Wesley Medical Center, LLC. Doc. 48. The Kansas Wrongful Death Act requires the Court to conduct a settlement hearing, which the Court did on October 9, 2024. Rhonda appeared telephonically. Her attorney Dustin Gleason appeared in person. Wesley Medical Center appeared through counsel Justen Phelps. There were no other appearances.

Rhonda brought this action as administrator of the Estate of Sheila Richardson against Wesley Medical Center for the wrongful death of her mother Sheila Richardson. Sheila died on June 10, 2022, from a fall and the resulting head trauma and stroke that occurred in Wesley Medical Center. Rhonda brings a cause of action for wrongful death under K.S.A. §§ 60-1901 through 60-1906. She alleges that Wesley Medical Center was negligent in its care and treatment of Sheila while she was hospitalized and is liable for her wrongful death. Rhonda is one of three surviving children. The other two are Kimberly Williams and Dorothy Richardson. Sheila was not married at the time of her death and her parents were not living. Wesley Medical Center denies liability.

Rhonda testified at the hearing. She lives in Humble, Texas, and is 57 years old. Her siblings are in their 50s. Their mother Sheila died while in Wesley Medical Center's care. Rhonda is the administrator for her estate. Rhonda and Wesley Medical Center mediated this case and reached a confidential settlement and release. Rhonda testified about the amount of costs and attorneys' fees and agrees those amounts are fair and reasonable. Rhonda also testified that she spoke with her sisters after a prior proposed apportionment and her sisters did not agree with it. Rhonda agreed to a modified apportionment between the three of them (the apportionment now before the Court), and she approves of the settlement. She has not spoken further with her sisters about it.

The Court also considers the relevant documents. The motion sets forth the basis for relief. Doc. 48. The Court set the settlement approval hearing, and Rhonda's counsel provided notice of the hearing to Kimberly and Dorothy. Docs. 54-2, 54-3. The Court has also reviewed a copy of the settlement agreement and general release, the distribution plan, and executed declarations of Rhonda, Kimberly, and Dorothy approving the settlement and distribution.[1]

After reviewing the record, the Court is prepared to rule. The Court applies the substantive law of Kansas because it is a federal court sitting in diversity for the wrongful death claim. Kansas law requires the Court to apportion the recovery after conducting a hearing. K.S.A. § 60-1905. The statute explains that the Court should first allow costs and reasonable attorneys' fees for the

---

[1] Rhonda provided the confidential settlement and release agreement, the settlement statement, and the three declarations to the Court before and during the hearing. The settlement agreement is to remain confidential and the Court finds that all five exhibits meet the standard for being filed under seal. In the Kansas Wrongful Death Act, the Kansas Legislature recognized a public policy interest in court approval of certain aspects of lawsuits brought under that Act. It requires court approval of how a settlement apportions the settlement's proceeds among the decedent's heirs. But it does not appear to require approval of the settlement amount. Thus, the Court finds that the public's interest in the actual amount and expenditures does not outweigh the interest in resolving disputed litigation. *See Eckel v. Delmar Gardens of Overland Park Operating, L.L.C.*, 2020 WL 6708614, at *4 n.1 (D. Kan. 2020).

plaintiff's counsel. *Id.* Then the Court must apportion the recovery among the heirs in proportion to the loss sustained by each one. *Id.* The statute states:

> The net amount recovered in any such action, after the allowance by the judge of costs and reasonable attorneys fees to the attorneys for the plaintiffs, in accordance with the services performed by each if there be more than one, shall be apportioned by the judge upon a hearing, with reasonable notice to all of the known heirs having an interest therein, such notice to be given in such manner as the judge shall direct. The apportionment shall be in proportion to the loss sustained by each of the heirs, and all heirs known to have sustained a loss shall share in such apportionment regardless of whether they joined or intervened in the action; but in the absence of fraud, no person who failed to join or intervene in the action may claim any error in such apportionment after the order shall have been entered and the funds distributed pursuant thereto.

*Id.*

The Court initially finds that Rhonda, Kimberly, and Dorothy are potential claimants and had notice of the settlement and hearing. The Court then turns to the amount of costs incurred during the litigation and finds the costs to be reasonable based on the evidence. The Court next turns to the reasonable fee for the attorneys. The fee is reasonable, and the Court thus approves the attorneys' fees in this case.

The final issue is apportionment. Rhonda proposes the remaining funds are distributed evenly to Rhonda, Kimberly, and Dorothy. All three submitted affidavits agreeing with this distribution, and no one appears to challenge it. They agree to satisfy all valid liens on the settlement proceeds, including Medicare and Medicaid, if they are applicable. The Court thus approves the proposed distribution.

The Court therefore GRANTS the motion (Doc. 48) and orders that:

1. The proposed settlement is fair, equitable, and reasonable under the circumstances. The Court approves the settlement agreement.

2. Rhonda retained the Steele Law Firm and entered into an agreement with counsel. Counsel has agreed to waive its fees. The Court finds the costs and expenses outlined in Doc. 54-1 are fair and reasonable.

3. The proposed allocation of settlement proceeds is fair and reasonable. The Court approves the fees and apportionment as described Exhibit 1 (Doc. 53-4) and as detailed during the hearing.

4. The Court orders that the exhibits sealed at the hearing (Docs. 53-3 through 53-7) and the provisionally sealed exhibits (Docs. 54, 54-1 through 54-3) are to be filed under seal and remain under seal.

IT IS SO ORDERED.

Dated: October 16, 2024                    /s/ *Holly L. Teeter*
                                          HOLLY L. TEETER
                                          UNITED STATES DISTRICT JUDGE